## 32306. DIXON v. THE STATE.

GARDNER, J. It appears from this record that the costs were not paid, and there is no pauper's affidavit in the record as is required in lieu of the payment of costs. Code § 6-1702 (Ga. L. 1921, p. 239) among other things provides that: "Upon filing his original brief, counsel for the plaintiff in error shall pay all costs due in the case or shall file with his brief a statement that a pauper's affidavit has been duly filed. The clerk is prohibited from receiving the brief of the plaintiff in error unless the costs have been paid or a sufficient pauper's affidavit is contained in the transcript." Counsel for the plaintiff in error makes application to this court that the clerk of this court be required by this court to file the brief referred to in said Code section. Counsel for the plaintiff in error sets up that he was prevented from obtaining his pauper's affidavit by reason of the conduct of a warden of the State Board of Corrections. We have done everything under our authority of law in an effort to have counsel for the plaintiff establish as a fact the allegations of his application for this court to require its clerk to file counsel's brief without complying with the provisions of the Code, § 6-1702, supra. This court is without authority of law to establish as a

fact the allegations of the petition of counsel for the convict Frank S. Dixon. The Constitution creating this court (Code, Ann., § 2-3708, old Constitution, § 2-3009) specifically provides: "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law." It therefore follows, under these provisions, that the instant petition does not raise a question of law, but raises one of fact. The case must be, and is hereby

*Dismissed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 10, 1949.

*Casey Thigpen,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.